IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD HOEFT and
JOSEPH HOEFT,

                Plaintiff,

    v.

DAVE SCHULTZ
and AT LEAST ONE JOHN DOE & JANE DOE,

                Defendants.

ORDER

11-cv-387-wmc

---

RICHARD HOEFT,

                Plaintiff,
    v.
CHRIS HOFFMAN and
MATT SCHULTZ,
                Defendants.

ORDER

11-cv-388-wmc

---

RICHARD HOEFT,

                Plaintiff,
    v.

BOB HANSEN, MRS. BOB HANSEN
and AT LEAST ONE JOHN & JANE DOE,

                Defendants.

ORDER

11-cv-389-wmc

---

RICHARD HOEFT and
JOSEPH HOEFT,

                Plaintiff,
    v.

MATT SCHERREL, DAVE SCHULTZ
and AT LEAST ONE JOHN DOE & JANE DOE,

                Defendants.

ORDER

11-cv-390-wmc

---

Plaintiff Richard Hoeft has filed four proposed complaints. Joseph Hoeft is listed as plaintiff in two of the proposed complaints. Both plaintiffs have asked for leave to proceed *in forma pauperis* and have supported their requests with affidavits of indigency. The standard for determining whether a plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In these cases, Richard Hoeft has a monthly income of $700 and no dependents, which makes his total annual income $8400. Plaintiff Joseph Hoeft received $1000 a month from January 1, 2010 to May 5, 2010, and has no dependents, which makes his total annual income $5000. From plaintiffs' affidavits, I conclude that they qualify for indigent status. Therefore, plaintiffs may proceed without any prepayment of fees or costs.

Because plaintiffs are proceeding *in forma pauperis*, the court must screen their complaints pursuant to 28 U.S.C. § 1915 to determine whether any of the cases must be dismissed because (1) the complaint is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

Accordingly, IT IS ORDERED that plaintiffs' complaints are taken under advisement. As soon as the court's calendar permits, plaintiffs' complaints will be screened pursuant to 28 U.S.C. § 1915 to determine whether the cases must be dismissed either because the complaints are frivolous or malicious, fail to state a claim on which relief may be granted or seek monetary relief against a defendant who is immune from such relief. Plaintiffs will be notified

promptly when such a decision has been made. In the meantime, if plaintiffs need to communicate with the court about these cases, they should be sure to write the case numbers shown above on this communication.

Entered this 6th day of June, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge